## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARLINDA JOHNS,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 04-cv-4109-JPG** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 02-cr-40055** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner also seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that she is, in fact, indigent; therefore, the motion to proceed *in forma pauperis* is **GRANTED**.

Following an open plea of guilty to one count involving the distribution of cocaine base, Petitioner was sentenced to 151 months imprisonment, five years supervised release, a fine of $100, and a special assessment of $100. Petitioner appealed, and Counsel then filed a motion to withdraw, citing *Anders v. California*, 386 U.S. 738 (1967). In granting Counsel's motion, the Seventh Circuit first considered and then rejected the four potential grounds presented on appeal: (1) the voluntariness of Petitioner's guilty plea, (2) the imposition of an upward enhancement for possession of a firearm,(3) the calculation of Petitioner's relevant conduct, and (4) the Government's refusal to move for a downward departure for substantial assistance. *United States v. Johns*, 79 Fed.Appx. 223 (7th Cir. 2003). The Circuit specifically noted that the second and fourth grounds, as listed above, were "better explored in a collateral attack." *Id.*

Seven months later, Petitioner filed the instant motion under § 2255, in which she argues that Counsel was ineffective in the following ways: (1) failing to demand a downward departure for substantial assistance; (2) failure to challenge the calculation of Petitioner's relevant conduct, (3) failure to object to perjured testimony presented at sentencing, (4) failure to file any motions seeking any downward departures, and (5) failure to present any mitigating evidence at sentencing. In her supporting memorandum (Doc. 2), she elaborates on these claims, and she also argues that Counsel was ineffective in failing to advise her of the consequences of withdrawing her objection to the firearms enhancement.  Finally, in her supplement (Doc. 5), she argues that her sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: August 30, 2005**

           **s/ J. Phil Gilbert**
           **U. S. District Judge**